UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* Application of | Index No. 20-mc-59 |
| SOCIAL & HEALTH INSURANCES (SZV), | **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM** |
| Applicant, | |
| For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from JPMorgan Chase & Co. for Use in Foreign Proceedings. | |

Social & Health Insurances (SZV), applies to the Court for an order pursuant to 28 U.S.C. § 1782 granting SZV leave to obtain targeted discovery from JPMorgan Chase & Co. ("JPMorgan") for use in foreign proceedings.  This application is supported by the memorandum of points and authorities below and the Declaration of Joseph V. DeMarco, Esq. ("DeMarco Decl."), filed concurrently herewith.  A draft of the proposed subpoena is attached to this application as Exhibit A, and a proposed order is submitted below as part of the application.

I.       **INTRODUCTION**

SZV is a semi-independent governing body that executes the administration and management of the National Health and Social Insurance Schemes of Sint Maarten.  SZV covers the healthcare costs of approximately two-thirds of Sint Maarteners.  SZV also administers other social programs in Sint Maarten, including severance pay insurance, general widow(ers) and orphans insurance, and general old-age insurance.

In March 2019, SZV was victimized by a malicious scheme, resulting in the fraudulent transfer of $500,000 of Sint Maarten's social funds from SZV's local bank to an

1

account at JPMorgan in New York. Through this application, SZV seeks narrowly-tailored discovery from JPMorgan for documents relating to the fraudulent transaction and the account to which the funds were transferred and to assist SZV in vindicating its rights in the Kingdom of the Netherlands (including its constituent countries, collectively the "Netherlands") or elsewhere.

SZV's application satisfies all statutory requirements necessary to obtain discovery under Section 1782. Specifically: (1) SZV is seeking discovery from an entity (JPMorgan) whose headquarters are located in this District; (2) the discovery sought is for use in contemplated foreign civil or criminal proceedings in the Netherlands or other foreign jurisdictions where the perpetrators of the fraud may be found; and (3) SZV is an interested party in those proceedings, as it will be either the plaintiff in any civil suit or the victim in any criminal case. *See* 28 U.S.C. § 1782.

Moreover, the factors identified by the Supreme Court to guide the district courts' discretion in analyzing applications under Section 1782 all squarely favor granting SZV's request. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). In particular: (1) JPMorgan is not reasonably expected to be a participant in the foreign proceedings; (2) the Netherlands is receptive to discovery obtained through a Section 1782 application; (3) SZV's application is not an attempt to circumvent the proof-gathering requirements of the Netherlands' legal authorities; and (4) the discovery being sought is in no way burdensome or intrusive; rather, it is an extremely narrow request seeking only records related to a single account and a single transaction. Accordingly, SZV respectfully requests that the Court enter an order allowing SZV to serve the subpoena attached as Exhibit A upon JPMorgan.

II.     **FACTUAL BACKGROUND**

SZV, in order to facilitate the provision of social services in Sint Maarten, maintains a bank account at Windward Island Bank Ltd. ("Windward") in Sint Maarten.  At some point on or prior to March 4, 2019, an unknown actor gained access to an email account belonging to SZV's Chief Financial Officer.  On March 4, 2019, that wrongdoer used that access to email instructions to another SZV employee to initiate a wire transfer in the amount of $500,000 from SZV's account at Windward to a JPMorgan account in New York purportedly belonging to "Foodmate BV."  The transfer cleared on or about March 6, 2019.

SZV discovered the fraud on March 11, 2019, when SZV's CFO was asked by a colleague how to classify the transaction.  The CFO, having been previously unaware of the transfer, was then shown the email containing the direction upon which the transfer was initiated.  That email, which the CFO had not sent, originated from the CFO's account, but had subsequently been deleted from his outbox.  SZV immediately realized that the CFO's email account had likely been hacked and took steps to secure its systems.

Approximately twenty-five minutes after the discovery of the fraud, SZV contacted Windward to request that it initiate the process of reversing the transfer.  Windward indicated that it would be unlikely to do so because more than forty-eight hours had elapsed since the transaction.  Later that same day, SZV contacted JPMorgan to inform it of the fraud and to request the return of the stolen funds.  JPMorgan instructed SZV to contact JPMorgan directly.  At SZV's request, Windward requested that JPMorgan reverse the transaction.  Despite SZV and Windward repeatedly contacting JPMorgan to communicate the urgency of the situation, SZV did not receive any substantive response from JPMorgan until April 5, 2019.  In

that response, JPMorgan stated that "We are unable to return as beneficiary account is closed." DeMarco Decl. ¶ 4, Exh. A.

Concurrently, SZV launched its own investigation into the fraud.  SZV contacted Foodmate U.S. Inc. (the Foodmate B.V. affiliate in the United States) which indicated that neither it nor Foodmate B.V. had an account at JPMorgan.  SZV then researched the physical address associated with the recipient account – 402 Myrtle Avenue, Brooklyn, NY 11205 – and determined that it was not associated with Foodmate B.V., but rather with a Nigerian non-profit foundation named Korfoundation.  Based on these discoveries and contemporaneous public reports that a Nigerian group was attempting to defraud companies by hacking into the email accounts of senior officials and sending false payment orders, SZV concluded that the most likely explanation was that such a group had fraudulently opened an account at JPMorgan using Foodmate's identity, used that account to facilitate its theft from SZV.

SZV subsequently, by certified mail dated October 25, 2019, requested that JPMorgan provide information relating to the now-closed account used to facilitate the transaction and JPMorgan's anti-fraud measures as applied to that account.  JPMorgan responded in a letter dated November 15, 2019, in which it indicated that it would "not release information in its possession, custody or control without being served with a properly issued subpoena." DeMarco Decl., ¶ 5, Exh. B.  As a result, SZV is now requesting that this Court order the production of records identifying the person or entity who opened the recipient JPMorgan account and other information which may assist SZV in vindicating its rights against the persons responsible for this fraud in the Netherlands or other foreign jurisdiction where the perpetrators may be found.

III.    **ARGUMENT**

   **A.  SZV's Application Plainly Meets Section 1782's Statutory Requirements**

   28 U.S.C.§ 1782(a) provides, in pertinent part:

   The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

   A district court "is authorized to grant a § 1782 request where (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). SZV's application clearly meets each of these statutory requirements.

   *1.  JPMorgan Resides in the Southern District of New York*

   The person from whom discovery is sought, JPMorgan, "resides or is found" in this district as required by 28 U.S.C. § 1782(a).  According to JPMorgan's 2018 Annual Report, its corporate headquarters is located at 383 Madison Avenue, New York, NY 10179, which is located in this District.  DeMarco Decl. ¶ 6.

   *2.  SZV Intends to Use the Discovered Information in a Foreign Proceeding before a Foreign Tribunal*

   SZV seeks information concerning the recipient account at JPMorgan for the purpose of initiating civil or criminal action either in the Kingdom of the Netherlands or, if the persons responsible for the fraud are determined to be located elsewhere, in another jurisdiction. Because SZV is unable, absent JPMorgan's cooperation, to determine the identity or location of

the perpetrators of the fraud, SZV has not yet commenced such proceedings.  Nevertheless, an application under Section 1782 does not require that a foreign proceeding be ongoing, but only that the information sought be intended for use in a contemplated action.  Indeed, the Supreme Court has held that a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent, but rather only that a "dispositive ruling" by the foreign adjudicative body be "within reasonable contemplation."  *Intel*, 542 U.S. at 258-59.

   3.  *Manifestly, SZV Is an Interested Person in the Contemplated Foreign Proceeding*

SZV is an interested person in the contemplated foreign proceedings because it will be either the victim in any criminal case or the plaintiff in any civil case brought against the perpetrators of the fraud.  The Supreme Court has taken a broad view of who qualifies as an "interested person" for purposes of Section 1782 and has been clear that parties to foreign litigation and complainants in investigations are to be considered "interested persons."  *Intel*, 542 U.S. at 256-257; *see also In re Accent Delight International Ltd.,* 869 F.3d 121 (2d Cir. 2017)(permitting discovery under Section 1782 by victim of crime); *In re Sargeant*, 278 F.Supp.3d 814, 822-23 (S.D.N.Y. 2017)(plaintiff in a foreign proceeding is "clearly an interested person within the meaning of the statute").

### B.  The *Intel* Factors Strongly Favor Granting SZV's Application

A district court has wide discretion to grant discovery under Section 1782.  In exercising such discretion, the Supreme Court has set forth several factors to aid district courts in determining how to exercise this discretion.  These factors include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3)

6

whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65; *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015). A district court's discretion is to be exercised "in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004)(quoting *In re Metallgesellschaft*, 121 F.3d 77, 79 (2d Cir. 1997)). Each of these factors weighs in favor of granting SZV's application

### 1. JPMorgan is Not a Party to the Contemplated Foreign Proceedings

SZV intends to vindicate its rights only against the persons responsible for the fraud in civil or criminal proceedings abroad in which JPMorgan will not be a party. JPMorgan's status as a non-party to the contemplated litigation weighs in favor of granting SZV's application because, as the Supreme Court has recognized, non-parties to a foreign proceeding are often difficult for those proceedings to reach directly, as the foreign tribunal may not have jurisdiction over nonparticipants which would enable it to order the production of evidence. *Intel*, 542 U.S. at 264.

### 2. SZV Seeks Highly Relevant Information that Will Assist the Foreign Proceedings

The information sought from JPMorgan – which centers on the identity of the owner of the recipient bank account – is critical to any attempt to vindicate SZV's claims against the perpetrators of the fraud because absent such information, SZV will almost certainly be unable to identify the perpetrators and therefore unable to initiate proceedings against them. JPMorgan, which maintained the recipient bank account and records concerning the identity of

the owner of that account, is the best-equipped, and likely only, party from which this information may be obtained.

District courts are encouraged to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Courts customarily do not find a foreign tribunal to be unreceptive to judicial assistance from the United States unless there is "authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of Section 1782." *See, e.g., In re Application of Esses*, 101 F.3d 873, 876 (2d Cir. 1996) (emphasis in original).

Here, there is no authority suggesting that courts in the Netherlands would be unreceptive to discovery obtained through a Section 1782 application. Indeed, several District Courts have granted applications under Section 1782 in connection with legal proceedings in the Netherlands. *See, e.g.*, *In re Application of Bloomfield Investment Resources Corp.*, 315 F.R.D. 165 (S.D.N.Y. 2016); *In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, No. 2:14-cv-00797-GMN-NJK, 2015 WL 3439103 at *7 (D. Nev. May 28, 2015)(noting that "Historically speaking, courts in the Netherlands have been receptive to United States judicial assistance").

Since the information sought is highly relevant to establishing the identity of the defendant in the contemplated proceeding and in light of the lack of reason to believe courts in the Netherlands would be unreceptive to assistance from this Court in discovery matters, this factor weighs in favor of granting discovery under Section 1782.

3. *SZV is Not Attempting to Circumvent Any Foreign Proof-Gathering Restrictions*

Section 1782 does not require that the documents sought be discoverable in the foreign court. *Intel*, 542 U.S. at 260-63.  A district court, however, may consider whether an applicant is seeking in bad faith "to circumvent proof-gathering restrictions or other policies of a foreign country or the United States." *Id*. at 265.  Here, SZV is unaware of any restrictions on proof-gathering procedures in the Netherlands that would prohibit the discovery it seeks through Section 1782.  As such, this factor weighs in favor of granting SZV's application.

4. *SZV's Request is Tailored to Avoid Undue Burden*

The information SZV seeks from JPMorgan is not unduly intrusive or burdensome.  SZV seeks information concerning only (1) the identity of the individual or entity who owned the recipient bank account, (2) details relating to how JPMorgan verified the identity of that owner, and (3) details concerning transactions directed to or from that account.  These records are plainly within the custody and control of JPMorgan, which undoubtedly maintains such records as a routine business practice.  This final *Intel* factor therefore also weighs in favor of granting SZV's application.

## IV.    CONCLUSION

Because SZV's request satisfies the statutory requirements of 28 U.S.C. § 1782 and because each of the discretionary *Intel* factors weigh in favor of granting the application, SZV respectfully requests that this Court grant its application and enter the proposed order directing JPMorgan to produce documents as set forth in the accompanying subpoena attached as Exhibit A.

Dated:  New York, New York         Respectfully submitted,
       January 31, 2020

                                        DEVORE & DEMARCO LLP

                             By:___/s/ Joseph V. DeMarco___
                                Joseph V. DeMarco (JD3499)
                                David M. Hirschberg (DH2718)
                                99 Park Avenue – Suite 1100
                                New York, New York 10016
                                (212) 922-9499
                                jvd@devoredemarco.com

                                *Attorneys for Social & Health Insurances*

**[PROPOSED] ORDER**

IT IS ORDERED that Social & Health Insurances (SZV)'s Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings is GRANTED.

SZV shall be granted leave to seek discovery from JPMorgan Chase & Co. for use in the foreign proceedings described in SZV's Application by serving JPMorgan Chase & Co. with a Subpoena substantially similar in form to the one submitted with SZV's Application.

**IT IS SO ORDERED**

Dated: _____, 2020

_____
United States District Court Judge

11